**FOR THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

    v.                                      CV No. 14-257 RB/GBW
                                                CR No. 13-771 RB

ERNESTO FAVELA-GONZALEZ,

    Defendant/Movant.

## ORDER FINDING DEFENDANT'S MOTION TO VACATE CONSTITUTES WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND AUTHORIZING DISCLOSURE OF CERTAIN COMMUNICATIONS

This matter is before the Court on the government's Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Motion under 28 U.S.C. § 2255. *Doc.* 7. Defendant-Movant, Ernesto Favela-Gonzalez, was sentenced to 46 months in prison, *CR Doc. 31 at 7*, after pleading guilty to reentry as a removed alien in violation of 8 U.S.C. § 1326(a) and (b), *CR Doc. 33 at 11.* On March 17, 2014, he filed a motion to vacate that sentence arguing ineffective assistance of counsel. *CR Doc. 32; CV Doc. 1.* The United States filed the instant motion after being informed by Defendant's prior counsel, Jane Greek, that she was unwilling to disclose communications between her and Defendant without this Court's authorization. *Doc. 7* at 2. Having reviewed the docket, the briefing, and the relevant law, I will grant the government's motion, and authorize Ms. Greek to make such disclosures as are

1

necessary to allow the government to respond to Defendant's ineffective assistance of counsel claims.

"[W]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim." *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009). Here, Defendant filed a habeas petition based entirely on ineffective assistance of counsel claims. *CR Doc. 1.* Therefore, under *Pinson*, Defendant has waived attorney-client privilege over communications pertaining to the claims he raised in his motion to vacate. Moreover, Defendant, in failing to respond to the government's motion, has consented to a Court ruling that he has waived attorney-client privilege over communications pertaining to the claims in his motion to vacate. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion").

Having found Defendant waived attorney-client privilege, all that remains to be determined is the proper scope of that waiver. In *Pinson*, the Tenth Circuit advised that the scope of the waiver is to be "no broader than needed to ensure the fairness in the proceedings before [the Court]." *Pinson*, 584 F.3d at 978 (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)). The appropriate scope of waiver under the circumstances here appears to be that outlined by government, which mirrors Defendant's arguments in his motion to vacate. *See Doc. 1.*

THEREFORE, IT IS HEREBY ORDERED that Defendant's prior counsel, Jane Greek,

is authorized to disclose documents and a written affidavit detailing:

Any communication or decisions regarding the claims of ineffective assistance surrounding the advisement of the defendant's constitutional rights;

Any communication or decisions regarding the defendant's decision to plead guilty;

Any communication regarding the defendant's presentence report;

Any communications or decisions regarding the claims of ineffective assistance surrounding the failure to file an appeal of the defendant's sentence; and

Any other communications or decisions not known to the United States which are strictly necessary in order to address the merits of the defendant's claims of ineffective assistance of counsel.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE