IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

   v.                                                      NO. 14-CV-257-RB/GBW
                                                                    13-CR-771-RB

ERNESTO FAVELA-GONZALEZ,

    Defendant-Petitioner.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before me on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. *Doc. 1*.[1] Upon review of the Motion and the United States' Response (*doc. 11*), I conclude that there is no need for an evidentiary hearing and recommend denial of the Motion.

I.    BACKGROUND

   A.    **The Underlying Criminal Case**

On February 9, 2013, Petitioner was arrested on a criminal complaint charging him with Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a) and (b). *Cr. Doc. 1*. On February 11, 2013, his initial appearance was held before United States Magistrate Judge William Lynch. *Cr. Doc. 2*. At that initial appearance, Petitioner was advised of all of his constitutional rights and the charges against him. *Id.*

---

[1] Citations to "*Doc.*" refer to docket numbers filed in Case No. 14-CV-257-RB/GBW. Citations to "*Cr. Doc.*" refer to the attendant criminal docket, Case No. 13-CR-771-RB. For filings made on both dockets, only the civil docket number is given.

On March 13, 2013, the grand jury in United States District Court for the District of New Mexico issued an Indictment charging Petitioner with Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a) and (b).  *Cr. Doc. 10*.  On March 19, 2013, Petitioner was arraigned on the Indictment and entered a plea of guilty to the charge without the benefit of a plea agreement.  *Cr. Doc. 13-16*.  Prior to asking Petitioner to enter his plea, Judge Lynch fully advised him as required under Fed. R. Crim. P. 11.  *Cr. Doc. 15*.  A factual predicate necessary to sustain the plea was recited.  *Id.*  Judge Lynch found Petitioner's plea freely, voluntarily, and intelligently made.  *Id.*  Consequently, Judge Lynch accepted Petitioner's plea and adjudged him guilty of Reentry of a Removed Alien.  *Id.*

On April 25, 2013, the Presentence Investigation Report ("PSR") was disclosed.  PSR at ¶ 21.[2]  The PSR calculated Petitioner's offense level at 21.  *Id.*  Subsequently, Petitioner, through counsel, requested that he be permitted to enter into a plea agreement that would lower his offense level from 21 to 19, notwithstanding his earlier plea.  *Id.*  The government agreed and Petitioner was set for a second plea hearing in front of Judge Lynch on October 1, 2013.  *Cr. Doc. 17*.  On that date, Judge Lynch proceeded with another complete recitation of the items required by Rule 11 notwithstanding Petitioner's earlier guilty plea.  *Cr. Docs. 19, 33*.  The colloquy

---

[2] A redacted version of the Presentence Investigation Report containing the information cited to herein is attached as Exhibit 1.

2

proceeded as follows:[3]

> THE COURT: Your attorney has told me you wish to plead guilty this morning. I want to advise you of some rights that you have and of the consequences of entering a guilty plea.
>
> If you're charged with a felony offense like reentry of a removed alien or felon in possession or any other felony offense, you have the right to have a district judge take your guilty plea. You have the right to a grand jury indictment. And if I take your plea today, you're going to give up those rights.
>
> Now, whether you're charged with a felony offense or whether you're charged with a misdemeanor offense such as illegal entry without inspection, there's consequences of entering a guilty plea. And I want to go over with you what those consequences are.
>
> You have the right to plead not guilty, and you could proceed to trial. If you're charged with a misdemeanor offense of illegal entry, you have a right to trial by the judge; and if you're charged with a felony offense, you have a right to a trial by a jury.
>
> At your trial you would have important rights. You'd have the right to an attorney and to a court-appointed attorney if you can't afford one. You'd have the right to confront the witnesses against you and to cross examine those witnesses under oath. You'd have the right to present evidence, to testify, and to compel witnesses to come to trial to testify on your behalf. You'd have the right to remain silent and not testify at trial. It would be your decision whether to testify at trial. Your silence could not be used against you. Finally, at trial you're presumed to be innocent and the burden would be on the Government to prove your guilt beyond a reasonable doubt.
>
> If you plead guilty today, you're giving up your right to trial and all other rights that I just described.

---

[3] This colloquy was conducted at the beginning of the Court's docket with a group of defendants who were scheduled to plead guilty that day.   As described below, the judge later had an individual conversation with the defendant beginning with the administration of the oath.

3

There's a couple of other consequences of entering a guilty plea that I want to cover with you. If you're a citizen of the United States, you're going to lose valuable civil rights such as the right to vote, be a juror, possess a firearm. If you're not a citizen of the United States, there's immigration consequences. It's virtually certain you'll be removed from the United States. Finally, you'll have a criminal history. That means you'll face increased penalties if you're convicted of another crime in the future.

…

We've just placed you under oath. Do you understand if you don't tell me the truth you could face charges for perjury of false statement?

(Defendant responds in the affirmative)

THE COURT:     Tell me your name, please.

DEFENDANT:   Ernesto Favela- Gonzalez

…

THE COURT:     Are you under the influence of any alcohol, drugs or medication?

(Defendant responds in the negative)

THE COURT:     Are you suffering from any illness or problem right now?

(Defendant responds in the negative)

THE COURT:     Counsel has told me you wish to plead guilty; is that correct?

(Defendant responds in the affirmative)

THE COURT:     Has anybody forced you to plead guilty?

(Defendant responds in the negative)

THE COURT: Has anybody threatened you to get you to plead guilty?

(Defendant responds in the negative)

THE COURT: Earlier I described some rights that you have. Both[4] of you have the right to have a district judge take your guilty plea ... If I take your plea today, you'll give up those rights.   Do you understand that?

(Defendant responds in the affirmative)

THE COURT: I also described your right to plead not guilty, to proceed to trial and the rights that go along with a jury trial. Do you understand those rights?

(Defendant responds in the affirmative)

THE COURT: Do you understand that by pleading guilty you're giving up your right to trial and all of the rights that I described?

(Defendant responds in the affirmative)

THE COURT: You're charged with reentry of a removed alien. Do you understand that charge?

(Defendant responds in the affirmative)

THE COURT: What are the maximum penalties?

MR. PLETERS: Twenty years in prison, a $250,000 fine, three years of supervised release and a $100 special penalty assessment.

THE COURT: Do you understand those penalties?

(Defendant responds in the affirmative)

---

[4] The pleas of the defendant and Mr. Carlos Enriquez, a different defendant in an unrelated case, were taken together. Both defendants were pleading guilty to the felony crime of reentering the United States after having been formally removed.   For purposes of conciseness, the statements of Mr. Carlos Enriquez have been omitted.

> THE COURT: Have you talked to your lawyer about the facts and circumstances of your case?
>
> (Defendant responds in the affirmative)
>
> THE COURT: Are you satisfied with the advice and representation counsel has provided to you?
>
> (Defendant responds in the affirmative)
>
> THE COURT: Your lawyer has handed me a fast track plea agreement, and I see that you've signed it. Did you have plenty of time to review the plea agreement before you signed it?
>
> (Defendant responds in the affirmative)
>
> THE COURT: And did you talk to your attorney and did your attorney answer all of your questions about the plea agreement before you signed it?
>
> (Defendant responds in the affirmative)
>
> THE COURT: Do you understand all of the terms in your plea agreement?
>
> (Defendant responds in the affirmative)

*Doc. 11*, Ex. 2 at 5-8. The Court and counsel then summarized the plea agreement on the record. Importantly, the plea agreement provided:

> The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal this conviction and any sentence, including any fine, at or under the maximum statutory penalty authorized by law. In addition, the defendant agrees to waive any collateral attack to this conviction and the sentence imposed, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in

negotiating or entering this plea or this waiver.

Doc. 11, Ex. 1 at 5.

After discussing the plea agreement with Petitioner, the Court turned to his plea.

> THE COURT:   How do you plead to the charge against you, guilty or not guilty? Mr. Favela?
>
> DEFENDANT:   Guilty.
> …
>
> THE COURT:   What would the Government be able to prove if these cases went to trial?
>
> MR. PLETERS:   Your Honor, with respect to Mr. Favela, the United States would establish that on or about February 9 of this year he entered the United States, and at the time of his entry he wasn't [sic] – and remains an alien. And after – or I should say before he knowingly reentered the United States he has been previously removed from the United States on or about January 24 of this year. And I should add that where he entered was in this federal district in the county alleged in the charging document, and that prior to his knowing entry he has not received the permission of the United States to reenter or apply for admission to the United States.
>
> THE COURT:   Is what the U.S. Attorney told me about you correct, Mr. Favela?
>
> DEFENDANT:   Yes.
>
> THE COURT:   Have you understood my questions today?
>
> DEFENDANT:   Yes.
> …
>
> THE COURT:   Gentlemen, I find that you're competent and capable of entering an informed plea, you're aware of the nature of the charges and

>the consequences of your plea. I find your plea is knowing and voluntary. I accept your plea of guilty and now adjudge you guilty. I'll defer acceptance of the plea agreement to the district judge.

Doc. 11, Ex. 2 at 11-13.

Pursuant to the plea agreement, as accurately described by Petitioner's counsel prior to his guilty plea on October 1, 2013, the United States Probation Office calculated Petitioner's Total Offense Level as 19.   PSR ¶ 21.   This calculation was based upon a Base Offense Level of 8 which was increased by 16 levels to an Adjusted Offense Level of 24 because Petitioner had previously been deported after being convicted of a felony crime of violence.   PSR ¶¶ 12, 13, 17.   After the 3-level reduction for acceptance of responsibility, Petitioner's Total Offense Level was 21.   PSR ¶¶ 19-21.   However, pursuant to the Rule 11(c)(1)(C) plea agreement, the offense level was reduced by 2 levels.   PSR ¶ 21.   With a Total Offense Level of 19 and a Criminal History Category of IV, Petitioner's guideline imprisonment range was 46 to 57 months.   PSR ¶ 48.

On October 31, 2013, the Honorable District Court Judge Robert C. Brack sentenced Petitioner to 46 months imprisonment.   *Cr. Doc. 22*.   Petitioner was represented by defense counsel, Ms. Jane Greek.   On February 3, 2014, Petitioner filed a notice of appeal.   *Cr. Doc. 23*.   The United States filed a response requesting that Petitioner's direct appeal be dismissed because it was filed untimely.   *See Cr. Doc. 30*. On March 3, 2014, the Tenth Circuit issued an order and judgment granting the United States' request and denying Petitioner's appeal because it was not timely filed.   *Id*.

### B. The Instant Petition

On March 17, 2014, Petitioner filed a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. *Doc. 1*. In his motion, Petitioner identified the following claims:

> Claim One: His attorney was ineffective because his attorney failed to advise him of his constitutional rights prior to pleading guilty.
>
> Claim Two: His attorney was ineffective because his attorney failed to object to the presentence report.
>
> Claim Three: His attorney was ineffective because his attorney failed to provide an adequate factual basis for the defendant's guilty plea. His attorney was ineffective because his attorney failed to challenge the underlying deportation order on which his charge of illegal reentry was predicated.
>
> Claim Four: His attorney was ineffective because his attorney failed to file a timely notice of appeal.

*Doc. 1*.

## II. ANALYSIS

### A. Generally Applicable Law

Each of Petitioner's claims alleges ineffective assistance of counsel. An ineffective assistance of counsel claim requires a showing that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show that his counsel was constitutionally deficient, a defendant "must show that his counsel's representation fell

below an objective standard of reasonableness."  *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995) (quoting *Strickland*, 466 U.S. at 688).  Under *Strickland*, a defendant must show that his counsel's "identified acts or omissions were outside the range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.*

To demonstrate prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  When claiming ineffective assistance of counsel, it is not enough to make conclusory arguments or vague descriptions of the claimed deficient performance.  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  Tested against these standards, I conclude that the Petition is without merit and recommend it be denied.

    **B.**    **Petitioner Cannot Show Prejudice for his Counsel's Alleged Failure to Advise Him of Certain Rights**

In his first claim, Petitioner alleges that trial counsel "failed to advise [him] of Boykin trial rights . . . and failed to advise [him] pursuant to Rule 11 of the Federal Rules of Criminal Procedure."  *Doc. 1* at 4.  This failure, he contends, "resulted in an unknowing and involuntary guilty plea."  *Id.*  In *Boykin*, the Court held that "[i]t was

error, plain on the face of the record, for the trial judge to accept Boykin's guilty plea without an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242-242 (1969). The Court further held that to ensure that a guilty plea is intelligent and voluntary, the trial court must "conduct an on the record examination of the defendant which should include . . . an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." *Id.* (quotations omitted). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). Among other things, Rule 11 codifies the requirements of *Boykin*. *See* FED. R. CRIM. P. 11 advisory committee's note (1974 Amendments).

Plainly, Petitioner's claim is based upon a faulty premise. *Boykin* and Rule 11 create obligations on the judge accepting a criminal defendant's guilty plea. Trial counsel cannot be ineffective for failing to satisfy an obligation which falls upon the court. Of course, counsel is also instrumental in ensuring that her client understands the trial rights outlined in Rule 11. So, assuming counsel never discussed these matters with Petitioner, such would constitute ineffective assistance of counsel. However, even

with this suspect assumption, Petitioner cannot show prejudice in this case because he was repeatedly advised of these rights in his initial appearance and two plea hearings. Just taking the single comprehensive plea hearing detailed above demonstrates that Petitioner received the necessary advice and that he understood it. Petitioner's conclusory and self-serving statement that his plea was unknowing or involuntary can be rejected outright. *Blackledge v. Allison*, 431 U.S. 63, 74, (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Petitioner does not even attempt an explanation of why he did not understand the advice from the Court despite his sworn answers that he did. *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir.1975) (per curiam) (The "truth and accuracy" of a defendant's statements during the plea hearing "should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements.").

Because Petitioner received the advice from the Court that he claims he did not receive from his counsel, he cannot show the prejudice necessary to prevail on an ineffective assistance claims. Thus, I recommend rejecting Petitioner's first claim.

### C. Petitioner Waived His Right to Collaterally Attack His Counsel's Performance at Sentencing

In his second claim, Petitioner alleges that his counsel was ineffective for failing to

object at the sentencing hearing to the Court's reliance "on the probation officer's bare assertions" regarding the aggravated felony conviction which led to an offense level increase in the PSR.  *Doc. 1* at 5.   Petitioner complains that the probation officer in the PSR did not identify the aggravated felony conviction on which he relied to assess the 16-level offense level increase.  *Id.*   He notes that the probation officer did not identify the statute of conviction or provide any documents supporting either conviction.  *Id.* Petitioner contends that these failures should have precipitated an objection from his counsel.

In his plea agreement, Petitioner waived "any collateral attack to this conviction and the sentence imposed, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver."  *Doc. 11*, Ex. 1 at 5.   A "waiver of collateral attack rights brought under § 2255 is generally enforceable when the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."   *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).   Only challenges to counsel's effectiveness regarding negotiation or entering the plea or waiver are not waivable.  *Id.* at 1183-87.   Complaints about counsel's performance at sentencing are undeniably waivable.  *Id.* at 1187-88.

Petitioner's claim with respect to the aggravated felony enhancement is a complaint about his counsel's performance at sentencing.   As such, it is waivable and

indeed was waived by the language of his plea agreement. Petitioner presents no evidence or argument that the waiver was not made knowingly or voluntarily, and the record supports the opposite conclusion.

Petitioner has waived his right to collaterally attack the performance of his counsel at sentencing. Thus, I recommend rejecting his second claim.

### D. Defense Counsel Was Not Ineffective By Failing to Argue that his Deportation Order Could Not Support the Crime of Reentry

In the heading, Petitioner describes his third claim as being "denied the effective assistance of counsel by not assuring that there was an adequate factual basis for his guilty plea." *Doc. 1* at 7. However, as is clear from the plea hearing transcript quoted above, the Assistant United States Attorney recited a factual basis sufficient to establish that Petitioner was in fact guilty of the crime charged. *Doc. 11*, Ex. 2 at 11-12. Petitioner responded affirmatively when he was then asked, "Is what the U.S. Attorney told me about you, correct?" *Doc. 11*, Ex. 2 at 12. On that basis, the judge accepted Petitioner's guilty plea and adjudged him guilty. *Id.*

Notwithstanding the heading, Petitioner's real claim here is that the deportation order was illegal and therefore the government could not satisfy one of the elements of the crime of Reentry of a Removed Alien. *See* 8 U.S.C. § 1326(a)(1) (requiring "an order of exclusion, deportation, or removal [to be] outstanding"). Petitioner challenges the deportation order on which his conviction was predicated because, he alleges (i) he "was

14

not advised of his right to appeal or right to counsel in Spanish," and (ii) "[t]here is no record of him validly waiving his right to counsel in his removal proceeding."  *Doc. 1* at 7.  Consequently, Petitioner contends that his counsel was ineffective for her "failure to argue that there were irregularities in the underlying deportation order."  *Id.*  As set forth below, this claim lacks merit because Petitioner has not established the elements necessary for a challenge to the deportation order.

A final deportation order is presumed legal.  *United States v. Adame*, 607 F.3d 647, 651 (10th Cir. 2010).  Only if three elements are present can a deportation order in a criminal prosecution for reentry be challenged: (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.  8 U.S.C. § 1326(d).  Where, as here, the government demonstrates that the defendant was deported because of a final deportation order, the burden shifts to the defendant to prove each of these elements to overcome the presumed legality.  *Adame*, 607 F.3d at 651.

Even assuming Petitioner could meet the last two elements based on the self-serving allegations in the Petition,[5] he cannot meet the first element.  Petitioner has provided no evidence that he exhausted, or even pursued, any administrative remedies

---

[5] Such an assumption would be generous given the written record of the removal proceedings provided by the government.  *See doc. 11* at 19-20, Ex. 4.

15

for relief against the order,[6] let alone any evidence that he provided notice of exhaustion to his counsel prior to pleading guilty. Without such information, a failure to challenge the deportation order was not ineffective. *See Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999) (failure to raise meritless argument cannot constitute ineffective assistance of counsel).

Petitioner has failed to establish he had a plausible argument for invalidating the deportation order underlying his conviction. As such, he has not shown his counsel was ineffective for failing to raise the argument. Thus, I recommend rejecting Petitioner's third claim.

### E.    Petitioner Has Presented No Evidence that His Counsel was Ineffective with Respect to the Failure to File a Timely Notice of Appeal

In his fourth claim, Petitioner asserts that his counsel rendered ineffective assistance by failing to timely file a notice of appeal. *Doc. 1* at 8. Pursuant to *Strickland v. Washington*, counsel is ineffective in violation of the Sixth Amendment if a petitioner can demonstrate both that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defendant." 466 U.S. 668, 687-88 (1984). "[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). This is true

---

[6] In fact, it appears that Petitioner never did so. *See doc. 11* at 18-19, n. 12, 13.

even if counsel believed that the appeal was without merit. *United States v. Guerrero*, 488 F.3d 1313, 1315 (10th Cir. 2007). Therefore, if a defendant "actually asked counsel to perfect an appeal, and counsel ignored the request," counsel was per se ineffective and "[the defendant] will be entitled to a delayed appeal." *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005).

However, the only factual assertion Petitioner makes regarding this claim is that his counsel failed to file a timely notice of appeal. He does not assert that he instructed his attorney to file the notice of appeal.[7] When a defendant does not instruct counsel on whether to appeal or not, counsel has a duty to "consult"[8] with a defendant about an appeal only if (1) a "rational defendant would want to appeal" or (2) "this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe*, 528 U.S. at 478-80. Failure to engage in this consultation when it is required constitutes objectively unreasonable representation under the first prong of *Strickland*. *Id*. "[A] highly relevant factor in this inquiry [is] whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* at 480.

---

[7] Had he done so, an evidentiary hearing would have been required notwithstanding counsel's affidavit to the contrary. *See United States v. Guerrero*, 488 F.3d 1313, 1315 (10th Cir. 2007); *United States v. Garrett*, 402 F.3d 1262, 1266 (10th Cir. 2005); *see also United States v. Lee-Speight*, 529 F. App'x 903 (10th Cir. 2013).
[8] In consulting with a defendant, counsel should "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes." *Roe v. Flores-Ortega*, 528 U.S. 470, 471 (2000)..

17

Under the circumstances of this case, there are no facts which would support a finding that Petitioner's counsel had a duty to consult with him about appealing. Petitioner had pled guilty to the crime – twice.   Moreover, his second guilty plea included a plea agreement in which he waived the right to file an appeal.   These facts strongly suggest that Petitioner sought an end to the judicial proceedings.   Even assuming his counsel did not consult with him about an appeal after the guilty pleas, such a failure would not constitute ineffective assistance of counsel because neither of the two predicates requiring such consultation are present here.   Thus, I recommend rejecting Petitioner's fourth claim.[9]

### III.   CONCLUSION

Having reviewed the matter, I conclude that each of Petitioner's claims lacks merit or is subject to waiver.   Therefore, I recommend denial of each claim and dismissal of the Petition with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).   **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

---

[9] Petitioner's waiver of his right to collaterally attack his conviction discussed above may also have waived his right to present this claim.   *See United States v. Falcon-Sanchez*, 416 F. App'x 728 (10th Cir. 2011).   However, the United States did not seek to enforce the waiver as to this claim.